## Commonwealth v. Roeschetz

*W. Edward Bushong, Jr.*, for petitioner.

*J. Stroud Weber*, district attorney, for Commonwealth.

*Robert Trucksess,* for Office of the Comptroller.

DANNEHOWER, J., November 30, 1954.—Jack Israel, a professional bondsman, and recognizor for defendant, has petitioned the court to remit the sum of $2,000, which sum was forfeited to Montgomery County because defendant failed to appear for trial. Answers to the petition have been filed by the offices of the district attorney and the comptroller.

From the petition, answers thereto, depositions and exhibits, it appears that petitioner posted a $2,000 bail bond conditioned upon defendant's appearing to answer and defend against the charges of burglary, larceny and receiving stolen goods. Although defendant appeared the day the case was listed for trial and the following day, he was not present when his case was called, nor did he thereafter appear. His bond was ordered forfeited on June 9, 1953, and shortly thereafter petitioner voluntarily paid $2,000 to the county treasurer. Petitioner immediately began an investigation to locate the whereabouts of defendant, and after several months of effort, he learned that defendant had been arrested in Chicago, Ill. Petitioner notified the Montgomery County authorities and a detainer was lodged against defendant with the Illinois authorities. It has since been determined that defendant was sentenced on March 18, 1954, to serve from two to nine years in the Illinois State Penitentiary and that he will appear before that State's Parole and Pardon Board in February 1955 for consideration for parole.

Petitioner seeks relief under the Acts of July 11, 1917, P. L. 802 sec. 1; May 13, 1931, P. L. 131, sec. 1, which recites as follows:

"In all cases where the county commissioners of any county shall collect, or have collected, any money upon any forfeited recognizance, duly estreated to such county commissioners by the clerk of the proper

court and the same has been paid into the county treasury, and where the defendant in such case subsequently surrenders himself or herself to the jurisdiction of the proper court, or is subsequently apprehended and returned to the jurisdiction of the court, the county commissioners may, (a) with the consent of the district attorney, and (b) shall upon order of court in any case, repay to the party from whom such money was collected the amount so collected on such forfeited recognizance, exclusive of all costs paid or incurred by the county in such proceeding."

Before determining whether or not the court should, in the exercise of its discretionary power, remit to petitioner the forfeiture minus costs, we must first determine whether or not the Act of 1917 as amended is applicable.

The sole question in this respect is whether or not defendant has been "returned to the jurisdiction of the court". It is our opinion that this does not require the physical return of defendant. The detainer having been lodged, he has been constructively returned to this court's jurisdiction and will be physically returned upon the conclusion of his sentence in Illinois.

Having decided that petitioner can thus avail himself of the Act of 1917, there remains the question of whether or not the circumstances of the case warrant the remittance. It appears throughout that petitioner acted in good faith. Defendant did appear on the day the case was listed for trial and also the following day. Immediately upon learning that defendant was not present when his case was called, petitioner obtained the service of a bailiff and searched defendant's home as well as that of defendant's son. He contacted defendant's former wife in Florida; went to Atlantic City where he engaged the Atlantic City Police to search the home of defendant's mother, and subsequently learned from defendant's son that defendant

had been arrested in Chicago, Ill., whereupon he immediately notified the Montgomery County authorities as a result of which the detainer was lodged in Illinois.

In Commonwealth v. Doby, 70 Montg. Co. 334 (1954), it was said:

"It, therefore, appears that petitioner, acting at all times in good faith, did all that could reasonably be expected of him to present the defendant at his trial as initially scheduled, and thereafter, at great personal expense, exerted every possible effort to locate defendant. . . ."

We believe that petitioner here has performed his duties efficiently, acted in good faith at all times, and as a result of his efforts, defendant will be returned to Montgomery County to face the charges against him. Therefore, since petitioner is powerless to do any further act, and abhorring forfeitures as we do, it is our opinion that this is a proper case for the remittance of the forfeiture over and above such costs as the county has incurred and may incur in the future in bringing the defendant to justice.

The depositions taken indicate that $646.81, including $300 to cover the expenses of any extradition proceeding, will probably cover the entire costs of bringing defendant to Montgomery County for trial. We are of the opinion that the sum of $750 should be retained by the county and that following trial and sentence any unused portion of the $750 should be returned to petitioner.

### Order

And now, November 30, 1954, for the foregoing reasons, it is ordered and decreed that the order of forfeiture of the $2,000 recognizance be moderated; that $750 be retained to cover possible costs and judgment is herewith entered on that amount. The remainder of the recognizance, to wit: $1,250 is hereby remitted and ordered to be paid by the County Com-

missioners, Comptroller, and County Treasurer, to Jack Israel.

It is further ordered that following the trial of defendant, Frank Roeschetz, any unused portion of the $750 upon which judgment has been entered, exclusive of all costs paid or incurred by the county in this proceeding, shall forthwith be returned to Jack Israel.